Morris and Ruth Sukenick v. Commissioner.
Sukenick v. Commissioner
Docket No. 49195.
United States Tax Court
T.C. Memo 1955-27; 1955 Tax Ct. Memo LEXIS 312; 14 T.C.M. (CCH) 95; T.C.M. (RIA) 55027; January 31, 1955
*312 Morris Sukenick, 1319 West Farms Road, New York, N. Y., pro se, for the petitioners. Robert J. Cowan, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined a deficiency against petitioners, who are husband and wife filing a joint return, of $405.64 in income tax for the year 1949, all of which is in controversy. The sole question is whether the disallowance of a "business loss" on the ground that the business belonged not to petitioners but to their daughter was proper. Findings of Fact Some of the facts are contained in a stipulation of facts and exhibits thereto and are hereby found accordingly. The return for the period here involved was filed with the collector for the Albany district of New York. Rita Stern, whose signature appears on some of the exhibits, is one and the same person as Rita Stern Sukenick, the daughter of the petitioners. On February 9, 1949, an agreement was executed between Rita Stern and Seymour Wadler, in which Rita Stern is referred to as the buyer and which covers the purchase of a "plant and factory" previously operated under the name of Wadler Coat Co. Pursuant to that agreement, *313 a bill of sale to Rita Stern was executed February 21, 1949. There were also executed "Business Certificate for Partners" filed by Seymour Wadler and Rita Stern; "Certificate of Discontinuance of Business as Partners" filed by the same persons, and an agreement dated February 21, 1949 which refers to "the conduct and operation of the business * * * which said Rita Stern is continuing under the trade-name of Wadler Coat Co. * * * for her own sole use and benefit * * *." Rita Stern also executed an assumption of lease term agreement and 2 checks drawn to the order of Seymour Wadler pursuant to the original contract of sale. The following expenditures were made during the period February 10, 1949 through October 31, 1949 by Rita Stern either by way of her check or from petty cash: Rent
$1,143.50
Electricity
32.71
Telephone
63.45
Advertising & Subscriptions
44.14
Miscellaneous
30.13
Designing Expenses
344.12
Fares, tips, stationery and postage
41.80
Repairs
34.50
Taxes
20.00
Trade Association
300.00
Retirement Fund
20.00
Insurance
30.58
Legal Expense
150.00
Brokerage Fees
175.00
Rita Stern as"seller" executed an agreement to sell the business *314 to Edward Morentz and in that connection executed a bill of sale, dated October 31, 1949, and surrender of lease. The business in question was owned and conducted by Rita Stern Sukenick and not by petitioners, and petitioners incurred no loss in connection with such business. Opinion The question of fact which is the only issue has been disposed of in our findings unfavorably to petitioners primarily as a matter of credibility. The testimony of petitioners' witnesses was in part in direct conflict with that of a representative of respondent. Under all the circumstances, we find ourselves unable to credit the testimony on behalf of petitioners. The result is that the facts show that this business was not owned by petitioners, that they did not have any loss in the business, and that they are not entitled to the deduction. Decision will be entered for the respondent.